

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-23-00271-CV

_____

MAURO E. GARZA AND EVERETT HOLDINGS, LLC, APPELLANTS

V.

JULIA PEREZ, APPELLEE

On Appeal from the 57th District Court
Bexar County, Texas[1]
Trial Court No. 2023-CI-08559, Honorable Tina Torres, Presiding

August 31, 2023

## ORDER OF ABATEMENT AND REMAND

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Mauro E. Garza and Everett Holdings, LLC, appeal from the trial court's *Order Denying Plea to the Jurisdiction and Motion to Dismiss (TCPA)*. Appellee, Julia Perez, has filed a cross-notice of appeal. We remand the appeal for further proceedings.

The appellate record was originally due on July 10, 2023. The clerk's record has been filed. However, the court reporter has not filed the reporter's record or requested

_____

[1] Originally appealed to the Fourth Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

an extension of time to file the record to date. By letter of August 10, 2023, we notified the reporter that the record was overdue and directed her to advise the Court of the status of the record by August 21. We have received no communication from the reporter since.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."); 37.3(a)(2) (requiring appellate courts to "make whatever order is appropriate to avoid further delay and to preserve the parties' rights" when the appellate record is not timely filed). On remand, the trial court shall determine the following:

(1)     what tasks remain to complete the filing of the reporter's record;

(2)     why the reporter has not completed the necessary tasks;

(3)     what amount of time is reasonably necessary for the completion of those tasks; and

(4)     whether the reporter can complete the tasks within the time the trial court finds reasonable.

Should the trial court determine that the reporter will require more than thirty days to complete, certify, and file the reporter's record, it shall arrange for a substitute reporter to do so. The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental clerk's record and cause that record to be filed with this Court by October 2, 2023.

Should the reporter file the record on or before September 14, 2023, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

All appellate deadlines are suspended until further order of the Court.

It is so ordered.

Per Curiam